**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| VERONICA ANN WILLIAMS,<br><br>          Plaintiff,<br><br>     v.<br><br>AT&T, IBM, FUJITSU, EQUITABLE LIFE,<br>and GEORGE WASHINGTON<br>UNIVERSITY,<br><br>          Defendants. | Case No. 2:25-cv-15150 (BRM) (JBC)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** is before the Court on *pro se* Plaintiff Veronica Ann Williams's ("Plaintiff") submission of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 23.) Having reviewed and considered same, for the reasons set forth below and for good cause having been shown, the Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I.     BACKGROUND

For the purpose of this screening, the Court attempts to glean the factual allegations through liberal construction of the complaint and accepts those allegations as true drawing all inferences in the light most favorable to the *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (permitting the court to also consider any "document integral to or explicitly relied upon in the complaint" (internal quotation marks omitted)).

Between 1972 and 1993, Plaintiff was employed full-time and part-time by various employers, including George Washington University (1972–73), Equitable Life (1973), AT&T (1982–88), IBM (1988–91), and Fujitsu (1991–93) (collectively, "Defendants"). (ECF No. 23 ¶¶ 4,

6–10.) During this time, Defendants failed to pay the Social Security Administration the appropriate withheld funds or their obligatory matching payments. (*Id.* ¶ 3.) As a result, sufficient funds were not paid "to cover the maximum allowable payment to retirees." (*Id.* ¶ 3.)

On September 2, 2025, Plaintiff filed the Complaint alleging state law claims against Defendants (ECF No. 1), which included her first *in forma pauperis* ("IFP") application (ECF No. 1-1). The Court subsequently denied her first, second, and third IFP applications. (*See* ECF Nos. 3, 6, 14.)

On December 1, 2025, Plaintiff filed her fourth IFP application. (ECF No. 16.) Plaintiff's IFP application was granted on January 15, 2026. (ECF No. 18). The Complaint, however, was dismissed for lack of subject matter jurisdiction as the pleading failed to sufficiently establish diversity jurisdiction. (*See id.*) The Court ordered Plaintiff to file an one final comprehensive complaint within twenty-one days from the date of the January 15, 2026 Order. (*See id.*) On February 26, 2026, forty-two days later, Plaintiff filed the Amended Complaint (ECF No. 23), which the Court agreed to screen despite its late filing (ECF No. 24).

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a federal court may screen a complaint to determine whether the pleading: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [("Rule")] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). However, "[i]f the

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pr. 12(h)(3).

## III.   DECISION

Although a *pro se* complaint is held to a more liberal standard than a formal complaint drafted by an attorney, *see Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), *as amended* (Mar. 24, 2015), a *pro se* plaintiff is not absolved of the need to adhere to procedural rules—"they must abide by the same rules that apply to all other litigants," *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Pursuant to Rule 8(a)(1) and 28 U.S.C. § 1332, a *pro se* complaint must state the grounds for a federal court's subject matter jurisdiction over the action by affirmatively pleading facts demonstrating both "[the action] is between citizens of different states, between citizens of a state and citizens of a foreign state, or between a foreign state and citizens of a state" and "the amount in controversy exceeds $75,000, exclusive of interest and costs." *Jackson v. Delaware River & Bay Auth.*, 224 F. Supp. 2d 834, 841 (D.N.J. 2002); *see also McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 289 (3d Cir. 2006) (requiring the party asserting jurisdiction to demonstrate diversity jurisdiction by a preponderance of the evidence); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) ("The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court."); *Tina v. Cognizant Tech. Sols. Corp.*, Civ. A. No. 23-22601, 2024 WL 3440171, at *3 (D.N.J. July 15, 2024) (noting "[f]ederal courts rigorously enforce the congressional intent to *restrict* federal diversity jurisdiction" (emphasis added)).

In a diversity action, "diversity must be complete; that is, no plaintiff can be a citizen of the same state as any of the defendants." *Trinh v. Off. of Recs. Phila.*, 779 F. App'x 118, 120 (3d

Cir. 2019) (quoting *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995)). Therefore, "the [party asserting jurisdiction] must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chem. Leaman Tank Lines v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999) (citing 5 Wright & Miller § 1208, at 100 (2d ed. 1990)); *see also Crisafulli v. Ameritas Life Ins. Co.*, Civ. A. No. 13-5937, 2014 WL 2611839, at *5 (D.N.J. June 11, 2014) ("Even when appearing *pro se*, a plaintiff cannot be silent as to the citizenship of the parties."). However, a party's jurisdictional citizenship will differ depending on whether the party is an individual or an entity. For example, an individual is deemed a citizen of the state in which he or she is domiciled, a partnership or limited liability corporation ("LLC") is deemed a citizen of every state in which each of its partners or members is domiciled, and a corporation is deemed a citizen of both the state in which in its incorporated and in which "[the] corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, it's principal place of business. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010); *McCollum v. State Farm Ins. Co.*, 376 F. App'x 217, 219 (3d Cir. 2010). "[M]erely alleging an address for each [d]efendant is insufficient to demonstrate a party's citizenship for diversity purposes." *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 469 (D.N.J. 2012). Accordingly, "these facts must be properly plead before [a] [c]ourt can determine whether complete diversity is present," *Crisafulli*, 2014 WL 2611839, at *5, which should be pled in both the complaint under Rule 8(a)(1) and in the required diversity disclosure statement under Rule 7.1(a)(2). *See Liberty Mut. Ins. Co. v. A & E Solheim, LLC*, Civ. A. No. 24-969, 2026 WL 1179812, at *2 (D.N.J. Apr. 30, 2026) ("[A] party files or removes an action in federal court alleging diversity, the party must complete a disclosure statement setting forth the specific citizenship of each party to establish that complete diversity exists." (citing Fed. R. Civ. Pr. 7.1(a)(2)); *see also Diversity Jurisdiction Form Fillable*, U.S. DIST.

4

CT., DIST. OF N.J. (last visited July 24, 2026), available at https://www.njd.uscourts.gov/forms/diversity-jurisdiction-form-fillable [https://perma.cc/DHJ4-MCVF].

Further, the party asserting jurisdiction bears the burden of demonstrating "the amount in controversy exceeds $75,000." *In re Paulsboro Derailment Cases*, 704 F. App'x 78, 84 (3d Cir. 2017). "It is well established that the amount in controversy is [to be] decided from the face of the complaint." *Kovalev v. Lab'y Corp. of Am. Holdings*, No. 24-2124, 2026 WL 1707581, at *2 (3d Cir. June 12, 2026) (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993)). Therefore, to sufficiently demonstrate the amount in controversy a plaintiff may: "(1) provid[e] a clear statement of the damages sought; (2) alleg[e] sufficient facts from which damages can be readily calculated; or (3) affirmatively reveal[] on its face that [the plaintiff] is seeking damages in excess of the minimum jurisdictional amount," *Portillo v. Stop & Shop Supermarket Co., LLC*, Civ. A. No. 25-17411, 2026 WL 1649955, at *3 (D.N.J. June 8, 2026) (internal quotation marks omitted), which the court will accept as true unless the claims are facially "insubstantial" to satisfy the amount in controversy requirement, *Lunderstadt v. Colafella*, 885 F.3d 66, 69–70 (3d Cir. 1989); *see also Auto-Owners Ins. Co. v. Stevens & Rici Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (noting the burden of sufficiently demonstrating the amount in controversy is "is not especially onerous"). *But see Samuel-Bassett*, 357 F.3d at 397 (noting "estimations of the amounts recoverable must be realistic" and an estimate of damages "should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated").

Here, the Court dismissed the original Complaint for failure to sufficiently establish diversity jurisdiction. (ECF No. 18.) In response, Plaintiff amended her pleading to include the

5

addresses for herself and each defendant. (*Compare* ECF No. 1 ¶¶ 3, 6–10, *with* ECF No. 23 ¶¶ 3, 6–10.) However, "merely alleging an address for each [d]efendant is insufficient to demonstrate a party's citizenship for diversity purposes." *Phillip*, 861 F. Supp. 2d at 469. Notably, the Amended Complaint fails to plead whether the Defendants are partnerships, LLCs, corporations, or some other entity as required to establish each Defendants jurisdictional citizenship. *See Zambelli Fireworks Mfg.*, 592 F.3d at 419. Nor does the Amended Complaint include the required diversity disclosure statement under Rule 7.1(a)(2). (*See generally* ECF No. 23.) Furthermore, the Amended Complaint does not demonstrate a sufficient amount in controversy as the pleading does not "provid[e] a clear statement of the damages sought," "alleg[e] sufficient facts from which damages can be readily calculated," or "affirmatively reveal[] on its face that [Plaintiff] is seeking damages in excess of the minimum jurisdictional amount." *Portillo*, 2026 WL 1649955, at *3 (internal quotation marks omitted). Although the Amended Complaint includes a spreadsheet allegedly stating Plaintiff's "unreported and underreported earnings" between 1972 and 1996, the spreadsheet is not labeled in a manner by which to allow the Court to appraise her damages at this time. (*See* ECF No. 23 at 18l; *see also id.* at 1 (noting the spreadsheet "cannot be properly conveyed on paper[]"); *compare also id.* ¶¶ 9–10 (alleging George Washington University and Equitable Life underreported her earnings between 1972 and 1973), *with id.* at 18 (stating her earnings were neither unreported nor underreported between 1972 and 1973).)

Although the Court previously granted Plaintiff leave to "file one final comprehensive complaint" (ECF No. 18), the Court grants Plaintiff one final opportunity to amend her complaint. However, the Court notes it has now provided Plaintiff with multiple opportunities to amend and warns this will be the final opportunity to sufficiently set forth this Court's jurisdiction and to state her claims in compliance with the Federal Rules of Civil Procedure. No further leave to amend her

6

complaint will be granted absent compelling circumstances. *See Andrews v. Keystone Hum. Servs.*, Civ. A. No. 19-220, 2019 WL 3564586, at *1 (M.D. Pa. Aug. 6, 2019) ("We permitted this one, final amendment of the complaint and granted this motion but advised the plaintiff in clear and precise terms that: 'given these three amendments of this complaint, no further leave to amend will be granted, absent compelling circumstances.'"); *McClain v. Pa. Dep't of Corrs.*, Civ. A. No. 19-1951, 2023 WL 8165529, at *1 (M.D. Pa. Mar. 28, 2023) ("[The] [p]laintiff is advised that, given these multiple amendments of this complaint, no further leave to amend will be granted.").

Accordingly, and for good cause appearing,

**IT IS** on this 24th day of July 2026,

**ORDERED** that the Amended Complaint (ECF No. 23) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff may file a final comprehensive complaint within thirty (30) days from the date of this Memorandum Order curing the deficiencies identified in same; and it is further

**ORDERED** that if Plaintiff does not submit an amended complaint within the time allotted, the dismissal of the Amended Complaint (ECF No. 23) will automatically convert to a dismissal with prejudice without further action from the Court; and it is further

**ORDERED** that the Clerk of Court is directed to **CLOSE** this case.

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

7