**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VERONICA ANN WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>AT&T, IBM, FUJITSU, EQUITABLE LIFE, and GEORGE WASHINGTON UNIVERSITY,<br><br>Defendants. | Case No. 2:25-cv-15150 (BRM) (JBC)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** is before the Court on *pro se* Plaintiff Veronica Ann Williams's ("Plaintiff") submission of the Second Amended Complaint, which the Court is required to screen pursuant to 28 U.S.C. § 1915(e)(2).[1] (ECF No. 28.) Having reviewed and considered same, for the reasons set forth below and for good cause having been shown, the Second Amended Complaint is **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

For the purpose of this screening, the Court attempts to glean the factual allegations through liberal construction of the Second Amended Complaint and accepts those allegations as true drawing all inferences in the light most favorable to the *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (permitting the court to also consider any "document integral to or explicitly relied upon in the complaint" (internal quotation marks omitted)).

[1] Plaintiff was granted leave to proceed *in forma pauperis* on January 15, 2026. (ECF No. 18.)

Between 1972 and 1993, Plaintiff was employed full-time and part-time by various employers, including George Washington University (1972–73), Equitable Life (1973), AT&T (1982–88), IBM (1988–91), and Fujitsu (1991–93) (collectively, "Defendants"). (ECF No. 28 ¶¶ 3–7, 11–15.) During this time, Defendants failed to pay the Social Security Administration the appropriate withheld funds or their obligatory matching payments. (*Id.* ¶ 9.) As a result, sufficient funds were not paid "to cover the maximum allowable payment to retirees." (*Id.* ¶ 8.)

On September 2, 2025, Plaintiff filed the Complaint alleging state law claims against Defendants (ECF No. 1), which included her first *in forma pauperis* ("IFP") application (ECF No. 1-1). The Court subsequently denied her first, second, and third IFP applications. (*See* ECF Nos. 3, 6, 14.) On January 15, 2026, the Court granted her fourth IFP application. (ECF No. 18). The Court, however, dismissed the Complaint for lack of subject matter jurisdiction as the pleading failed to sufficiently establish diversity jurisdiction. (*See id.*) The Court dismissed the Complaint without prejudice permitting Plaintiff one final opportunity to amend her complaint within twenty-one days. (*See id.*)

On February 26, 2026, forty-two days later, Plaintiff filed the Amended Complaint (ECF No. 23), which the Court agreed to screen despite its late filing (ECF No. 24). On July 24, 2026, the Court dismissed the Amended Complaint for lack of subject matter jurisdiction as the pleading once again failed to sufficiently establish jurisdiction. (*See* ECF No. 25.) Although the Court had previously permitted Plaintiff one final opportunity to amend her complaint (ECF No. 18), the Court again dismissed the Amended Complaint without prejudice to allow Plaintiff the opportunity to amend her complaint within thirty days (ECF No. 25). However, the Court advised Plaintiff it has provided her with multiple opportunities to amend and warned her that "[n]o further leave to amend her complaint will be granted absent compelling circumstances." (*Id.*) On July 30, 2026,

Plaintiff submitted a letter requesting an extension of four (4) months to file the amended pleading (ECF No. 26), which the Court promptly granted on July 31, 2026 (ECF No. 27).

On August 2, 2026, Plaintiff filed the Second Amended Complaint. (ECF No. 28.) On August 19, 2026, she filed a letter requesting the summons to be issued as to the Second Amended Complaint, evincing her intent to rely on that pleading. (ECF No. 29.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a federal court must screen a complaint to determine whether the pleading: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [("Rule")] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Further, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pr. 12(h)(3).

## III. DECISION

Although a *pro se* complaint is held to a more liberal standard than a formal complaint drafted by an attorney, *see Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), *as amended* (Mar. 24, 2015), a *pro se* plaintiff is not absolved of the need to adhere to procedural rules—"they must abide by the same rules that apply to all other litigants," *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Pursuant to Rule 8(a)(1) and 28 U.S.C. § 1332, a *pro se* complaint must state the grounds for a federal court's subject matter jurisdiction over the action by affirmatively pleading facts demonstrating both "[the

action] is between citizens of different states, between citizens of a state and citizens of a foreign state, or between a foreign state and citizens of a state" and "the amount in controversy exceeds $75,000, exclusive of interest and costs." *Jackson v. Delaware River & Bay Auth.*, 224 F. Supp. 2d 834, 841 (D.N.J. 2002); *see also McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 289 (3d Cir. 2006) (requiring the party asserting jurisdiction to demonstrate diversity jurisdiction by a preponderance of the evidence); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) ("The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court."); *Tina v. Cognizant Tech. Sols. Corp.*, Civ. A. No. 23-22601, 2024 WL 3440171, at *3 (D.N.J. July 15, 2024) (noting "[f]ederal courts rigorously enforce the congressional intent to *restrict* federal diversity jurisdiction" (emphasis added)).

In a diversity action, "diversity must be complete; that is, no plaintiff can be a citizen of the same state as any of the defendants." *Trinh v. Off. of Recs. Phila.*, 779 F. App'x 118, 120 (3d Cir. 2019) (quoting *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995)). Therefore, "the [party asserting jurisdiction] must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chem. Leaman Tank Lines v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999) (citing 5 Wright & Miller § 1208, at 100 (2d ed. 1990)); *see also Crisafulli v. Ameritas Life Ins. Co.*, Civ. A. No. 13-5937, 2014 WL 2611839, at *5 (D.N.J. June 11, 2014) ("Even when appearing *pro se*, a plaintiff cannot be silent as to the citizenship of the parties."). However, a party's jurisdictional citizenship will differ depending on whether the party is an individual or an entity. For example, an individual is deemed a citizen of the state in which he or she is domiciled, a partnership or limited liability corporation ("LLC") is deemed a citizen of every state in which each of its partners or members is domiciled, and a corporation is deemed

a citizen of both the state in which in its incorporated and in which "[the] corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, it's principal place of business. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010); *McCollum v. State Farm Ins. Co.*, 376 F. App'x 217, 219 (3d Cir. 2010). "[M]erely alleging an address for each [d]efendant is insufficient to demonstrate a party's citizenship for diversity purposes." *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 469 (D.N.J. 2012). Accordingly, "these facts must be properly plead before [a] [c]ourt can determine whether complete diversity is present," *Crisafulli*, 2014 WL 2611839, at *5, which should be pled in both the complaint under Rule 8(a)(1) and in the required diversity disclosure statement under Rule 7.1(a)(2). *See Liberty Mut. Ins. Co. v. A & E Solheim, LLC*, Civ. A. No. 24-969, 2026 WL 1179812, at *2 (D.N.J. Apr. 30, 2026) ("[A] party files or removes an action in federal court alleging diversity, the party must complete a disclosure statement setting forth the specific citizenship of each party to establish that complete diversity exists." (citing Fed. R. Civ. Pr. 7.1(a)(2)); *see also Diversity Jurisdiction Form Fillable*, U.S. DIST. CT., DIST. OF N.J. (last visited July 24, 2026), available at https://www.njd.uscourts.gov/forms/diversity-jurisdiction-form-fillable [https://perma.cc/DHJ4-MCVF].

Further, the party asserting jurisdiction bears the burden of demonstrating "the amount in controversy exceeds $75,000." *In re Paulsboro Derailment Cases*, 704 F. App'x 78, 84 (3d Cir. 2017). "It is well established that the amount in controversy is [to be] decided from the face of the complaint." *Kovalev v. Lab'y Corp. of Am. Holdings*, No. 24-2124, 2026 WL 1707581, at *2 (3d Cir. June 12, 2026) (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993)). Therefore, to sufficiently demonstrate the amount in controversy a plaintiff may: "(1) provid[e] a clear statement of the damages sought; (2) alleg[e] sufficient facts from which damages can be readily calculated;

or (3) affirmatively reveal[] on its face that [the plaintiff] is seeking damages in excess of the minimum jurisdictional amount," *Portillo v. Stop & Shop Supermarket Co., LLC*, Civ. A. No. 25-17411, 2026 WL 1649955, at *3 (D.N.J. June 8, 2026) (internal quotation marks omitted), which the court will accept as true unless the claims are facially "insubstantial" to satisfy the amount in controversy requirement, *Lunderstadt v. Colafella*, 885 F.3d 66, 69–70 (3d Cir. 1989); *see also Auto-Owners Ins. Co. v. Stevens & Rici Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (noting the burden of sufficiently demonstrating the amount in controversy is "is not especially onerous"). *But see Samuel-Bassett*, 357 F.3d at 397 (noting "estimations of the amounts recoverable must be realistic" and an estimate of damages "should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated").

Here, the Court dismissed both the original Complaint and the Amended Complaint for failure to sufficiently establish diversity jurisdiction. (ECF Nos. 18, 25.) Notably, the Order dismissing the Amended Complaint advised Plaintiff that "merely alleging an address for each [d]efendant is insufficient to demonstrate a party's citizenship for diversity purposes." (ECF No. 18 at 6 (quoting *Phillip*, 861 F. Supp. 2d at 469).) Furthermore, the Order instructed Plaintiff "to plead whether the Defendants are partnerships, LLCs, or corporations, or some other entity as required to establish each Defendants jurisdictional citizenship" and "[to] include the required diversity disclosure statement under Rule 7.1(a)(2). (*Id.*) Finally, the Order directed Plaintiff to demonstrate a sufficient amount in controversy as the spreadsheet attached to the Amended Complaint was "not labeled in a manner by which to allow the Court to appraise her damages." (*Id.*)

In response, Plaintiff added five additional paragraphs under "Jurisdiction and Venue" and filed it as the Second Amended Complaint. (*Compare generally* ECF No. 25, *with* ECF No. 28.) The added paragraphs do not appear to contain new information or allegations and are comprised of identical information regarding the addresses of the parties previously included in the Amended Complaint under "Parties." (*Compare* ECF No. 25 ¶¶ 6–10, *with* ECF No. 28 ¶¶ 3–7; *see also* ECF No. 28 ¶¶ 8, 11–15 (removing the parties' respective addresses in the paragraphs under "Parties").) Although these paragraphs identify the states in which Defendants are citizens based on their respective principal places of business, the pleading again fails to identify the states in which the incorporated parties were incorporated as required to establish complete diversity. (*See* ECF No. 28 ¶¶ 3-7.) Plaintiff again omits the required diversity disclosure statement under Rule 7.1(a)(2). (*See generally Id.*) She neither added new information or allegations nor changed her attached spreadsheet to demonstrate a sufficient amount in controversy. (*Compare generally* ECF No. 25, *with* ECF No. 28.)

Regardless, diversity jurisdiction appears to be improper in this action. As noted above, in a diversity action, "diversity must be complete; that is, no plaintiff can be a citizen of the same state as any of the defendants." *Trinh*, 779 F. App'x at 120 (quoting *Hansen*, 48 F.3d at 696). Plaintiff explicitly alleges she is a resident of the State of New Jersey. (*See* ECF No. 28 ¶ 2; *see also* ECF No. 25 ¶ 3.) She also alleges Defendant Fujitsu's principal place of business is the State of New Jersey. (*See* ECF No. 28 ¶ 5.) Therefore, assuming Plaintiff is a citizen in the same state she resides, she appears to be a citizen of the same state as Defendant Fujitsu. *See Wood*, 592 F.3d at 419; *McCollum*, 376 F. App'x at 219; *see also Voorhees v. Tolia*, 761 F. App'x 88, 91 (3d Cir. 2019) ("Allegations of an individual's residence are insufficient to allege that individual's citizenship."). As a result, the inclusion of Defendant Fujitsu defeats complete diversity and, as

such, the Court lacks jurisdiction over this action. Having previously warned Plaintiff that "[n]o further leave to amend her complaint will be granted absent compelling circumstances" (ECF No. 25 at 6-7), and finding further amendment would be futile, the Court dismisses the Second Amended Complaint without leave to amend, *see Credico v. CEO Idaho Nat. Lab'y*, 461 F. App'x 78, 79 (3d Cir. 2012); *see also Garcia v. Cruz*, No. 25-1617, 2025 WL 2658993, at *2 (3d Cir. Sept. 17, 2025) (holding the court did not abuse its discretion in dismissing the pleading without leave to amend wherein the court "had no reason to believe that amendment would cure the identified defects"); *Andrews v. Keystone Hum. Servs.*, Civ. A. No. 19-220, 2019 WL 3564586, at *2 (M.D. Pa. Aug. 6, 2019) (dismissing the third amended pleading with prejudice wherein the plaintiff had failed to address the deficiencies in the pleadings "on any of the prior occasions when leave to amend was granted").

Accordingly, and for good cause appearing,

**IT IS** on this 26th day of August 2026,

**ORDERED** that the Second Amended Complaint (ECF No. 28) is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk of Court is directed to **CLOSE** this case.

***/s/Brian R. Martinotti***
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**